JUDGE TORRES

**14 CV   2224**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vanessa Matos, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Macy's, Inc. d/b/a Macy's Credit Card Service; and DOES 1-10, inclusive, | COMPLAINT |
| Defendants. | |

RECEIVED
MAR 27 2014
U.S.D.C. S.D.N.Y.
CASHIERS

For this Complaint, the Plaintiff, Vanessa Matos, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of the Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Vanessa Matos ("Plaintiff"), is an adult individual residing in Bronx, New York, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5.     The Defendant, Macy's, Inc. d/b/a Macy's Credit Card Service ("Macy's"), is a Company business entity with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and is a "person" as defined by 47 U.S.C.A. § 153(39).

6.     Does 1-10 (the "Agents") are individual agents employed by Macy's and whose

identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.    Macy's at all times acted by and through one or more of the Agents.

## FACTS

8.    In or around December 2013, Macy's began placing calls to Plaintiff's cellular telephone, number 786-XXX-5189.

9.    At all times mentioned herein, Macy's placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice.

10.    When Plaintiff answered a call from Macy's she experienced a brief period of silence before being connected to a live representative.

11.    Plaintiff has a business relationship with Macy's and had previously supplied Macy's with her cellular telephone number and consent to be contacted by Macy's at her cellular telephone number.

12.    However, Macy's no longer had consent to place calls to Plaintiff's cellular telephone after Plaintiff requested that the calls to her cellular telephone cease.

13.    None the less, Macy's continued to place calls to Plaintiff's cellular telephone number.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

14.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.    At all times mentioned herein and within the last four years, Defendant called

Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

16.    In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

17.    Defendant's telephone systems have some earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

18.    Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19.    Despite Plaintiff directing Defendant to cease all calls to her cellular telephone, Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20.    The telephone number called by Defendant was assigned to a cellular telephone

service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

24.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 24, 2014

Respectfully submitted,

4

By _____

Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff